IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GREG WOOD,

       Petitioner,

v.                                                                          CIV 01-570 JP/KBM

ERASMO BRAVO, Warden, and
PATRICIA A. MADRID, Attorney General
for the State of New Mexico,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Greg Wood's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, *Doc. 1,* and Respondents' Answer where they assert procedural default, *Doc. 10* (paragraph 8). Because Wood filed after the effective date of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards[1] apply to this case. *E.g., Paxton v. Ward,* 199 F.3d 1197, 1204 (10th Cir. 1999). All of the issues can be resolved on the record, such that an evidentiary hearing is unnecessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 121 S.Ct. 93 (2000); Rule 8(a), *Rules Governing Habeas Corpus Under Section 2254.* Having considered the arguments, pleadings, and relevant law, I find the petition procedurally defaulted and recommend that it be denied.

---

[1] A federal court cannot grant a writ of habeas corpus unless: (1) the state court decision is "contrary to, or involved an unreasonable application of . . . Supreme Court" precedent; or (2) is "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. §§ 2254(d)(1)-(2); *see also  Williams  v. Taylor,* 529 U.S. ___ , 120 S. Ct. 1495 (2000); *Van Woudenberg v. Gibson,* 211 F.3d 560, 566 & n. 4 (10th Cir. 2000), *cert. denied,* 121 S. Ct. 1117 (2001).

### *A. Background*

A jury found Petitioner guilty of seven burglary, larceny, and conspiracy charges after hearing evidence that included a confession by Petitioner to a police officer.  Having found Wood to be a habitual offender with five prior felony convictions, the trial judge (Judge Sewell) sentenced him to a total term of incarceration of seventeen and one-half years, calculated as follows:

| | | |
|---|---|---|
| Count 1 (burglary) | 9 ½ years | |
| Count 2 (burglary) | 9 ½ years | (consecutive to Count 1) |
| Count 3 (burglary) | 9 ½ years | (concurrent to Counts 1 and 2) |
| Count 4 (larceny) | 364 days | (concurrent to Counts 1 and 2) |
| Count 5 (larceny) | 9 ½ years | (concurrent to Counts 1 and 2) |
| Count 6 (conspiracy/burglary) | 9 ½ years | (concurrent to Counts 1 and 2) |
| Count 7 (conspiracy/larceny) | 9 ½ years | (concurrent to Counts 1 and 2) |
| | 19 years with 18 months suspended | |

*Answer, Exh. A.*[2]  Through counsel, Wood pursued a direct appeal.  His convictions for burglary and larceny were affirmed after the court rejected of all but one of his arguments on the merits in a lengthy opinion.  Though on direct appeal, the court specifically addressed and rejected ineffective assistance of trial counsel claims.  However, the appellate court found a double jeopardy violation for failure to merge the two conspiracy charges, and that the imposition of concurrent sentences did not remedy the error.  *See Exh. T.*

On remand, Wood was resentenced to the original term of imprisonment by another district judge (Judge Martinez).  The sentence was recalculated as follows:

---

[2] Unless otherwise noted, all citations to exhibits are those attached to Respondents' Answer.

| | | |
|---|---|---|
| Count 1 (burglary) | 9 ½ years | |
| Count 2 (burglary) | 9 ½ years | (consecutive to Count 1) |
| Count 3 (burglary) | 9 ½ years | (concurrent to Counts 1 and 2) |
| Count 4 (larceny) | 364 days | (concurrent to Counts 1 and 2) |
| Count 5 (larceny) | 9 ½ years | (concurrent to Counts 1 and 2) |
| Count 6 & 7 (conspiracies) | 9 ½ years | (concurrent to Counts 1 and 2) |
| | 19 years with 18 months suspended | |

*Exh. X.* Counsel then moved to reduce the sentence. He argued that because Counts 1 and 2 both contained habitual offender enhancements, the sentences for those counts should run concurrently rather than consecutively. *Exh. Y.* Judge Martinez denied the motion. *Exh. Z.*

Petitioner then pursued state habeas relief *pro se,* arguing the same claims as raised on appeal and ineffective assistance of counsel at trial and on appeal. Wood also contested the severity of the amended sentence. *Exhs. AA-AB.* Judge Martinez found that

> [t]hese issues have already been addressed at trial and reviewed on appeal. The Court finds these allegations have no merit. . . . Petitioner was properly sentenced in accordance with Section 31-18-17(D) 1970. In the Judgment on the Mandate, this Court followed the ruling of the Court of Appeals in reaching its judgment.

*Exh. AC.* Therefore, Judge Martinez denied relief on December 18, 2000.

### B. Procedural Default

Wood did not appeal the denial of state habeas to the New Mexico Supreme Court. Rather, the federal petition was signed, and presumably mailed, by Wood to this court on May 2, 2001. The federal petition was filed by the Clerk on May 18, 2001.

Where, as here, a petitioner fails to file a petition for a writ of certiorari to the New Mexico Supreme Court within thirty days under N.M. STAT. ANN. § 5-802(G)(2), and the time to do so has expired, the petitioner's failure creates a procedural default. *See Hilliard v. Tansy,*

CIV 91-913 MV/DJS *(Docs.38 & 40)*, *aff'd*, 86 F.3d 1166 (10th Cir. 1996) (unpublished and attached); *see also Santillanes v. Lemaster,* 2001 WL 409272 (10th Cir. 4/23/01) ("New Mexico would not adopt the mailbox rule for petitions for certiorari to the New Mexico Supreme Court from denial of state habeas petitions" and "the thirty-day deadline for filing petitions for certiorari is applied evenhandedly and is both 'independent' and 'adequate' for purposes of procedural bar") (unpublished and attached).

To excuse a procedural default, Petitioner must establish either: (1) both "cause" and "prejudice" or (2) a fundamental miscarriage of justice. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Wood cannot establish the first exception because the "cause" for this failure to appeal as stated in his federal petition establishes that the default was deliberate: "State of New Mexico does not wish to look into any issues or wrong doing done to Defendant." *Doc. 1* at 4. Petitioner's *pro se* status is not sufficient to establish cause. *E.g., Rodriguez v. Maynard,* 948 F.2d 684, 688 (10th Cir. 1991) ("*pro se* status and [Petitioner's] corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to raise these new claims in his previous habeas petition."). Instead, cause "must be something <u>external</u> to the petitioner, something that cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753 (emphasis original) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).[3]

The "'fundamental miscarriage of justice' exception is extremely narrow. It applies only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Santillanes, supra* (quoting *Murray,* 477 U.S. at 496). As did the

---

[3] Indeed, deliberately not availing himself of the opportunity to appeal would have satisfied the more strict standard of *Fay v. Noia,* 372 U.S. 391 (1963), which was rejected by the Supreme Court in Coleman in favor of the "cause and prejudice" test.

district judge in *Santillanes,* I have reviewed the record and conclude that petitioner fails to meet his burden of showing that no reasonable juror, after hearing petitioner's story, would have concluded that he did not commit the crime for which he was convicted.  As noted by the New Mexico Court of Appeals:

> Defendant confessed to Alvarado that:  he and another person were together in his El Camino on the night the French doors were stolen from the burglarized construction sites; he and the other person walked around the perimeters of the burglarized sites together; he returned to the El Camino; **he waited while the perpetrator took the doors** from the burglarized sites; the perpetrator placed the stolen doors in Defendant's El Camino; **he and the other person then drove away** from the construction sites in the El Camino with the stolen doors in tote.  Based on Defendant's confession, the fact that the **jury was instructed on an accessory theory of liability**, and all the other properly admitted evidence, we believe Defendant's statement regarding his prior misconduct [stealing materials from various construction sites] was harmless.

*Exh. T* at 7 (emphasis added).

Petitioner argues in his federal petition that the confession was "coerced" by promises not to arrest and threats of filing armed robbery charges.  *Doc. 1* at 6.  In his state petition, Wood argued that he "did not take the doors," evidenced by the fact that the blood and fingerprints from the house did not match his own.  *Exhs. AA & AB* at 11-12.  Nowhere in his state or federal petition, however, does he assert that he was not the person with the car who helped the individual who physically took the materials.[4]

Wherefore,

---

[4] Petitioner asserts that Detective Alvarado, who owned the home where the doors in question were stolen, "used false statements of evidence."  This refers to the Detective's statements that Defendant's conduct during questioning was voluntary.  Petitioner is not asserting that what he told the detective about his participation in the theft was untrue.  *See Exh. AA & AB* at 7, 12.

**IT IS HEREBY RECOMMENDED THAT** the petition be dismissed as procedurally-defaulted and that this action be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

86 F.3d 1166 (Table)
**Unpublished Disposition**

**(Cite as: 86 F.3d 1166, 1996 WL 284713 (10th Cir.(N.M.)))**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Tenth Circuit.

James Earl HILLIARD, Petitioner-Appellant,
v.
Robert J. TANSY, Respondent-Appellee.

No. 95-2073.

May 30, 1996.

Before EBEL and LUCERO, Circuit Judges, and McWILLIAMS, Senior Circuit Judge.

ORDER AND JUDGMENT [FN*]

FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**1 Pursuant to 28 U.S.C. § 2254, James Earl Hilliard, a state prisoner, filed a pro se petition for habeas corpus in the United States District Court for the District of New Mexico, naming as respondent Robert J. Tansy, Warden of the New Mexico State Penitentiary, wherein Hilliard was confined.

Upon order of a magistrate, Respondent filed a timely answer to the petition. After an evidentiary hearing, the Magistrate made proposed findings and recommended that the petition be denied. As reason therefore, the Magistrate concluded that Hilliard was in procedural default and had not shown cause and prejudice, nor had he shown that to deny his petition on the basis of procedural default would result in a miscarriage of justice. The district court adopted the proposed findings and recommended disposition of the Magistrate, and dismissed the petition with prejudice. Hilliard appeals. We grant a certificate of probable cause and affirm.

Hilliard was convicted in the Otero County District Court in the State of New Mexico of trafficking in heroin. On November 5, 1990, he was sentenced to imprisonment for nine years to be followed by a mandatory two-year period of parole. [FN1] Hilliard's conviction and sentence were affirmed by the New Mexico Court of Appeals on February 12, 1991. In that appeal, Hilliard challenged the sufficiency of the affidavit which formed the basis for a search warrant authorizing a search of Hilliard's hotel room. Hilliard filed a petition for certiorari with the New Mexico Supreme Court, which was denied on March 20, 1991.

FN1. On August 12, 1991, Hilliard was sentenced to an additional term of eight years as an habitual offender, to be served consecutively to the nine-year term previously imposed.

On September 11, 1991, Hilliard filed a *pro se* petition for habeas corpus in federal district court in New Mexico, alleging three grounds for relief: (1) unlawful search warrant; (2) failure of prosecution to disclose evidence favorable to Hilliard; and (3) ineffective assistance of counsel. In his

Memorandum Brief in support of his petition, Hilliard asked that the first and second grounds urged in his petition be dismissed, and thereafter he only pursued his ineffective assistance of counsel argument.

On October 25, 1991, some forty-four days after he filed his federal habeas corpus petition, Hilliard filed in the Otero County District Court in New Mexico a *pro se* petition for habeas corpus, alleging, among other matters, ineffective assistance of counsel. That petition was denied on October 25, 1991, and Hilliard did not thereafter file a petition for writ of certiorari to the New Mexico Supreme Court as permitted by N.M. S.A. § 5-802(G)(2). [FN2]

FN2. N.M.S.A § 5-802.  Habeas corpus.
....
G. Appeal. After the district court's decision:
....
(2) if the writ is denied, within thirty (30) days a petition for certiorari may be filed with the supreme court....

As previously stated, Hilliard filed his federal petition for habeas corpus on September 11, 1991. On October 29, 1991, the Magistrate ordered Respondent to answer the petition, and on January 6, 1992, the state's attorney general filed an answer. On that same date, Respondent filed a motion to dismiss the petition on the grounds of procedural default. On October 16, 1992, the Magistrate ordered the federal public defender to represent Hilliard. On September 10, 1993, Hilliard, through counsel, filed a motion for an evidentiary hearing. On October 11, 1994, the Magistrate granted Hilliard's motion for an evidentiary hearing. The hearing was held on December 9, 1994, at which time counsel for Hilliard called two witnesses; namely, Hilliard's trial counsel in the New Mexico state court and Hilliard himself. As indicated, the Magistrate filed his recommended disposition on January 3, 1995, which was approved and adopted by the district court on March 10, 1995. Notice of appeal was timely filed.

**\*\*2** N.M. S.A § 5-802(G)(2) provides that when a state district court denies a petition for habeas corpus, a petition for certiorari "may be filed" with the New Mexico Supreme Court within 30 days from the denial order. Admittedly, Hilliard did not file a petition for certiorari with the New Mexico Supreme Court within 30 days after the state district court denied his petition for habeas corpus, nor did he file such at any time thereafter. Hilliard simply pursued in federal court his federal habeas corpus petition, which, in fact, had been filed before he filed his state habeas corpus petition. In such circumstance, Hilliard is now procedurally barred from exhausting the state remedies provided him by New Mexico law. The Supreme Court has held that federal habeas relief is unavailable if the state courts have denied relief on an independent and adequate state ground, such as procedural default. Coleman v. Thompson, 501 U.S. 722 (1991). Accordingly, "if the court to which [Hilliard] must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred," because, for example, of time limitations, "there is a procedural default for the purposes of federal habeas review." Dulin v. Cook, 957 F.2d 758, 759 (10th Cir.1992) (citing Coleman, supra, at 735 n. 1 (1991)).

The present problem is controlled by *Dulin, supra.* There, the petitioner appealed the denial of his state petition for habeas corpus to the Utah Court of Appeals, as provided for by Utah law, but did not seek certiorari review by the Utah Supreme Court, also provided for by Utah law. [FN3] In that circumstance, we held that the petitioner was in "procedural default for purposes of federal habeas review." Dulin, 957 F.2d at 759. *Dulin* has been followed by us in Ballinger v. Kirby, 3 F.3d 1371 (10th Cir.1993) and Watson v. State of New Mexico, 45 F.3d 385

(10th Cir.1995). Similarly, in the instant case, Hilliard failed to seek timely certiorari review of his state habeas petition by the New Mexico Supreme Court, and he is therefore procedurally barred from federal habeas relief. Further, we reject Hilliard's suggestion that § 5-802(G)(2) permits only "limited" certiorari review, and he is therefore "excused" from filing a petition for certiorari with the New Mexico Supreme Court.

**FN3.** Dulin mistakenly filed a direct appeal to the Utah Supreme Court, which then transferred the case to the Utah Court of Appeals. We held that the transfer process constituted an overflow mechanism, and not a review on the merits. Thus, we concluded that Dulin's original appeal did not exhaust his state remedies. Dulin, 957 F.2d at 759.

The parties agree that under *Coleman, supra,* even though Hilliard may be in procedural default, he still may obtain federal habeas corpus review of his claims if he can show cause for his default and actual prejudice, or can demonstrate that failure to hear his claims in federal court would result in a fundamental miscarriage of justice. As indicated, the Magistrate held an evidentiary hearing, and recommended that the federal district court find that Hilliard had not shown cause for his default and resultant prejudice, nor had he demonstrated that to deny his petition on the grounds of procedural default would result in a fundamental miscarriage of justice, whick recommendation the district court approved and adopted. We agree.

**\*\*3** At oral argument in this Court, counsel abandoned her "cause and prejudice" argument, apparently as a result of our recent decision in Jenkins v. Burtzloff, 69 F.3d 460 (10th Cir.1995).

There remains Hilliard's contention that to deny his petition for federal habeas corpus would result in a fundamental miscarriage of justice. As indicated, the only federal claim remaining on appeal is that Hilliard was denied his right to the effective assistance of counsel at trial. The Magistrate held an evidentiary hearing at which time Hilliard and his trial counsel both testified. Based thereon, the Magistrate concluded that to hold Hilliard to his procedural default would not result in a miscarriage of justice. The district court adopted and approved the Magistrate's recommendation. We are not inclined to disturb the district court's evaluation of the evidence. The evidence was conflicting. For example, Hilliard testified that his trial counsel, from time to time, "dozed" during the trial, which counsel denied. Thus, the Magistrate's finding was based upon a credibility determination, which we will not revisit on appellate review. See Anderson v. City of Bessemer City, 470 U.S. 564 (1985) (district court's credibility determinations accorded considerable deference).

The underlying facts for the state drug prosecution are that the police officers served a search warrant on Hilliard at a hotel room in Alamogordo, New Mexico, which room was registered to Hilliard. Hilliard was in the room when it was searched. The search revealed a bottle on the floor of the room, which contained three single dosage units or "hits" of heroin wrapped in plastic and aluminum foil. One Charlene Martinez was in the room with Hilliard when the police entered. Apparently, Hilliard's defense was that the heroin was not his, but belonged to Martinez. All of which presented a pure evidentiary issue. Without further belaboring the matter, we agree with the district court that to hold Hilliard to his procedural default would not result in a fundamental miscarriage of justice.

In support of our resolution of this matter, *see Ballinger, supra,* where in discussing the "fundamental miscarriage of justice" exception to procedural default, we spoke as follows:

This is an extremely narrow exception, implicated

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

only in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.

Ballinger, 3 F.3d at 1375 (internal quotation omitted). Hilliard's petition does not present such an "extraordinary case."

Judgment affirmed.

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

2001 WL 409272 (Table)
2001 DJCAR 2173
**Unpublished Disposition**
**(Cite as: 2001 WL 409272 (10th Cir.(N.M.)))**
NOTICE: THIS IS AN UNPUBLISHED OPINION. Use FI CTA10 Rule 36.3 for rules regarding the citation of unpublished opinions.

NOTE: THIS OPINION WILL NOT BE PUBLISHED IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.

United States Court of Appeals, Tenth Circuit.

Andrew Michael SANTILLANES, Petitioner-Appellant,
v.
Tim LEMASTER, Warden; Attorney General for the State of New Mexico,
Respondents-Appellees.

No. 00-2172.

April 23, 2001.

Before EBEL, PORFILIO, and LUCERO, Circuit JJ.

ORDER AND JUDGMENT [FN*]

FN* The case is unanimously ordered submitted without oral argument pursuant to Fed.R.App.P. 34(a)(2) and 10th Cir.R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

LUCERO.

*1 Petitioner-Appellant Andrew Michael Santillanes appeals from the district court's order denying his petition for writ of habeas corpus. This matter comes before us on petitioner's request for a certificate of appealability (COA).

In order to receive a COA, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this standard if he shows that his issues "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir.1997). To the extent petitioner attacks the district court's procedural rulings, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon consideration, we grant COA but affirm the district court's order denying habeas relief.

Petitioner was convicted after a jury trial of first degree felony murder and two counts of attempted armed robbery. The New Mexico Supreme Court affirmed his conviction in 1986. Thereafter, he filed three state habeas petitions, asserting a variety of grounds for relief, each of which was denied by the New Mexico courts. [FN1]

FN1. Petitioner also filed a previous habeas petition in federal district court, which was dismissed as a mixed petition to allow petitioner to exhaust his state remedies. *See* Rose v. Lundy, 455 U.S. 509 (1982).

In his third petition, petitioner raised two issues. He contended: (1) that the prosecution had unconstitutionally failed to disclose evidence favorable to him; and (2) that he was denied effective assistance of counsel at trial and on appeal. The state district court denied this petition on February 21, 1997. Petitioner attempted to file a petition for writ of certiorari in the New Mexico Supreme Court within the thirty days allowed. The certiorari petition was due on March 24, 1997, but was not received by the supreme court until April 1, 1997. An employee of the Supreme Court clerk's office returned the petition unfiled, because she had received it after the deadline.

Petitioner asserts that he placed his petition

in the prison legal mailbox five days prior to the expiration of the thirty-day filing deadline. However, it was not even postmarked until nine days later, after the deadline had passed. He thereafter filed this petition for writ of habeas corpus in federal district court, raising the same claims raised in his third state habeas petition. After an evidentiary hearing, the district court ruled that petitioner had procedurally defaulted his claims by failing to raise them on a timely basis to the New Mexico Supreme Court. The district court determined that New Mexico would not follow the "mailbox rule" established for the federal courts in Houston v. Lack, 487 U.S. 266 (1988).

Petitioner contests this determination. He contends that his ineffective assistance of counsel claims have not been procedurally defaulted. Alternatively, he argues that his procedural default should be excused.

*2 Resolution of petitioner's arguments requires us to consider four distinct procedural issues. The first is, whether New Mexico follows or would adopt the mailbox rule in determining the timeliness of petitions for certiorari from the denial of habeas petitions. The second question is whether New Mexico's enforcement of its thirty-day filing deadline constituted an independent and adequate state ground for rejecting petitioner's petition. If so, the third issue is whether petitioner can show cause and prejudice sufficient to excuse the procedural default. Finally, we take up the issue of whether petitioner has made a colorable showing of actual innocence sufficient to excuse his procedural default. In assessing petitioner's claims, "[w]e review the district court's legal conclusions de novo and its factual findings under the clearly erroneous standard." Ross v. Ward, 165 F.3d 793, 798 (10th Cir.1999).

1. Would New Mexico adopt the mailbox rule for certiorari petitions?

In *Houston v. Lack,* the Supreme Court held that a prisoner's "notice of appeal was filed at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." Houston, 487 U.S. at 276. This rule became known as the "prison mailbox rule" or simply the "mailbox rule." *Houston* was based on language of a Federal Rule of Appellate Procedure governing timely notice of appeal. While some states have adopted a similar rule as a matter of state law, others have not.

We previously considered the mailbox rule under New Mexico law in Adams v. LeMaster, 223 F.3d 1177 (10th Cir.2000), *cert. denied,* 121 S.Ct. 1198 (2001). There, we addressed New Mexico court rules pertaining to post-conviction habeas proceedings and held that "the New Mexico Supreme Court would side with those state courts relying on the plain meaning of their respective state procedural rules to reject the prison mailbox rule." Id. at 1183.

Petitioner attempts to distinguish *Adams.* He points out that *Adams* was concerned with when a habeas corpus petition was "properly filed" in state *district* court for purposes of 28 U.S.C. § 2244(d)(1). Here, by contrast, we are concerned with whether the mailbox rule applies to the filing of a petition for writ of *certiorari* to the New Mexico Supreme Court. We acknowledge that different courts within a state system may treat the mailbox rule differently. *See, e.g.,* Hunnicutt v. State, 952 P.2d 988, 989 (Okla.Crim.App.1997) (refusing, in appeal to Oklahoma Court of Criminal Appeals, to follow mailbox rule adopted by Oklahoma Supreme Court which rested on special statute applicable only to appeals to that court).

Although it was not specifically at issue in *Adams,* we also had occasion to discuss application of the mailbox rule to petitions for certiorari filed in the New Mexico Supreme Court:

[I]n habeas cases once a petitioner "files" a petition for certiorari with the New Mexico Supreme Court, the petition is deemed denied if "certiorari is not granted by the Supreme Court within thirty (30) days after filing." N.M.R.Crim.P. 5-802G (3). While we are unable to find any case law on point, it strains credulity to argue the thirty-day period begins running prior to the petition's arrival at the New Mexico Supreme Court.
*3 Adams, 223 F.3d at 1182.

In other words, a petition for certiorari is not considered "filed" until actually received by the clerk. This filing (that is, receipt by the clerk) must occur within thirty days of the district court's decision.

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

N.M.R.Crim.P. 5-802G. Moreover, the three-day mailing period established elsewhere in the appellate rules does not apply to extend this filing period. *See* N.M.R.App .P. 12-501(B). "Thirty days" appears to mean exactly what it says.

We have stressed that the mailbox rule is not constitutional or equitable in nature, but depends entirely upon interpretation of the word "filed" as it is used in the applicable rule or statute. *See* Jenkins v. Burtzloff, 69 F.3d 460, 461 (10th Cir.1995) (discussing *Houston v. Lack* ). The interplay of the New Mexico court rules appears to leave no room for application of the mailbox rule to this case.

Petitioner argues that, notwithstanding the text of the rules, the New Mexico Supreme Court takes a flexible attitude toward filing deadlines. He claims that, given the chance, the New Mexico Supreme Court would institutionalize this flexibility by adopting the mailbox rule. He urges us to test this hypothesis by certifying the question to that court.

We have reviewed the cases cited by petitioner for his "flexibility" hypothesis, and find them inapposite here. In Chavez v. U-Haul Co. of New Mexico, Inc., 947 P.2d 122 (N.M.1997), the pro se appellant faxed his notice of appeal to the district court fifty-eight minutes late. The New Mexico Supreme Court excused his late filing in part because it was only marginally untimely, and because the New Mexico Constitution provides an aggrieved party with an absolute right to one appeal. *Id.* at 170.

The circumstances here are significantly different. The proceeding at issue here was not petitioner's direct appeal, guaranteed by the New Mexico Constitution, but an application for a discretionary writ of certiorari from his *third* habeas petition. *Cf.* State v. Peppers, 796 P.2d 614, 619 n. 2 (N.M.Ct.App.1990) (distinguishing habeas petition, from which there is no right of appeal, from right to directly appeal conviction *once,* guaranteed by New Mexico Constitution). Moreover, he was more than marginally late.

Petitioner also cites Trujillo v. Serrano, 871 P.2d 369, 374 (N.M.1994). In that case, the New Mexico Supreme Court stated that an untimely appeal should be heard if the actions of the magistrate court from which appeal was taken *caused* the untimely filing. No such allegation is made here. We conclude that New Mexico would not adopt the mailbox rule for petitions for certiorari to the New Mexico Supreme Court from denial of state habeas petitions.

2. Is the decision based on an independent and adequate state ground?

We must next ask whether the decision of the New Mexico Supreme Court rejecting petitioner's petition for certiorari as untimely "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). If so, petitioner has procedurally defaulted the issues raised in his certiorari petition, and we will not consider them.

*4 The procedural rule applied by the New Mexico Supreme Court clearly is independent of the federal question posed by the underlying petition, because it "relies on state law, rather than federal law, as the basis for the decision." English v. Cody, 146 F.3d 1257, 1259 (10th Cir.1998). We turn to the more difficult issue of its adequacy. "[I]n order to be adequate, a state rule of procedural default must be applied evenhandedly in the vast majority of cases." *Id.*

The certiorari deadline in habeas cases is phrased in mandatory terms: "Petitions for writs of certiorari *shall* be filed with the supreme court clerk within thirty (30) days of the district court's denial of the petition." N.M.R.App.P. 12-501(B) (emphasis added). In an attempt to show that New Mexico does not apply this deadline evenhandedly or consistently, petitioner cites cases involving writs of certiorari directed to the New Mexico Court of Appeals. Serna v. Bd. of County Comm'rs, 540 P.2d 212 (N.M.1975); Gulf Oil Corp. v. Rota-Cone Field Operating Co., 515 P.2d 640 (N.M.1973). In each of these cases, while recognizing the possibility of unusual circumstances justifying a late filing, the New Mexico Supreme Court ultimately refused to excuse the untimely filing. This falls short of a showing that certiorari deadlines in habeas cases are not regularly followed. We conclude that the thirty-day deadline for filing petitions for certiorari is applied evenhandedly and is both "independent" and "adequate" for purposes of procedural bar.

3. Has petitioner shown cause and prejudice?

Since petitioner "defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," we cannot review them unless he either demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. We consider first whether petitioner has established cause and prejudice that would excuse his procedural default.

Petitioner alleges cause in that he deposited his

petition for certiorari in the prison mail system prior to the deadline. In other words, he relies for his showing of cause on the same "mailbox rule" that we have concluded would be rejected by the New Mexico Supreme Court. Even if this situation constitutes cause for missing the deadline, we hold that petitioner's argument fails because he has not shown prejudice sufficient to excuse his procedural default.

Petitioner alleges that he was prejudiced because his counsel was ineffective under the test in Strickland v. Washington, 466 U.S. 668 (1984). *Strickland* requires a petitioner to show both that his counsel was ineffective and that he suffered prejudice from the error. *Id.* at 687. Petitioner argues that his attorney was ineffective in failing to have him take a polygraph test and in failing to allow him to testify. Had the test come out positive (that is, had it validated his account that he was not involved in the felony murder for which he was convicted), petitioner argues, his counsel would have had good reason to put him on the stand. He meets the prejudice prong of *Strickland,* he argues, because the evidence against him was weak and the jury's verdict is unreliable absent his testimony in his own behalf.

*5 Petitioner testified at the evidentiary hearing concerning the facts he would have related if he had been allowed to testify. The district court adopted the magistrate judge's conclusion that petitioner failed to show a reasonable probability that the outcome would have been different if he had testified or if his attorney had advised him to take a polygraph test. Upon our review of the record, we agree with the district court's conclusion, for substantially the same reasons stated in Magistrate Judge Garcia's findings and recommended disposition dated March 7, 2000.

4. Has petitioner shown a fundamental miscarriage of justice?

The "fundamental miscarriage of justice" exception is extremely narrow. It applies only in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). The district court concluded that petitioner failed to meet his burden of showing that no reasonable juror, after hearing petitioner's story, would have concluded that he had not at least attempted to rob the victim. This attempted robbery, together with the fact of the victim's death, forms the factual predicate for the felony murder conviction. Given these facts, petitioner has failed to demonstrate that he is actually innocent of the crime. We affirm on this issue, for substantially the reasons stated in Magistrate Judge Garcia's findings and recommended disposition dated March 7, 2000.

Petitioner's application for a COA is granted. His motion for certification of an issue of state law is denied. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

END OF DOCUMENT